919 F.2d 740
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ralph L. REES, Plaintiff-Appellant,
v.
Dennis R. JONES, Individually and as Commissioner of the
Indiana Department of Mental Health, and the
Indiana Department of Mental Health,
Defendants-Appellees.
 No. 89-3802.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 7, 1990.*
Decided Dec. 11, 1990.
 
 BAUER, Chief Judge, and CUMMINGS AND EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Ralph Rees spent almost 40 years in Indiana's mental hospitals until his discharge in 1971. He was billed almost $40,000 for room and board, without credit for work he performed while a patient. In early 1986 Rees settled his bill for $20,000. About six months later, with new counsel, he filed this suit under 42 U.S.C. Sec. 1983 demanding the $20,000 back, plus compensation for services rendered between 1931 and 1971. He named as defendants Indiana's Department of Mental Health and Dennis Jones, its current Commissioner.
 
 
 2
 The district court dismissed the complaint against Jones in his individual capacity because Rees had not provided sufficient detail concerning Jones's personal acts. The complaint did not allege that Jones was Commissioner during 1931 to 1971 or took any personal role in decisions concerning Rees' case. Rees' brief essentially abandons any attempt to hold Jones personally liable, and we therefore need not decide what allegations of personal involvement would satisfy Fed.R.Civ.P. 8.
 
 
 3
 The suit against the Department, and, what is the same thing, against Jones in his official capacity, see Kentucky v. Graham, 473 U.S. 159, 167 (1985), fails under the eleventh amendment. Rees wants money from the state treasury, not prospective relief. Rees' insistence that he is demanding only "his own property back" misunderstands eleventh amendment jurisprudence. He wants money from the state on account of yesterday's wrongs. That he believes himself entitled to this money speaks to the merits; the eleventh amendment is a jurisdictional bar.
 
 AFFIRMED
 
 
 *
 Appellant filed a motion to waive oral argument, which the court granted on May 11, 1990